RECEIVED
IN CLERK'S OFFICE
NOV - 8 2010
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT L. MITCHELL Name )
    Prison Id No.211035 )
        Plaintiff )
) Civil Action No._____
)
V. )
)
DAMON HININGER AND/OR C.C.A. ) Jury Trial: YES
CHERRY LINDAMOOD )
DANIEL PRITCHARD )
ANGELA STEADMAN )
        Defendants )

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
FILED PURSUANT TO U.S.C. SECTION 1983

I. Previous Lawsuits
  A. Have you filed any other lawsuits in the United States District Court for the Middle District of Tennessee, or in any other federal court or state court? No
II. The plaintiff's current place of confinement. South Central Correctional Facility 555Forrest Ave. Clifton,Tn. 38425
B. Are the facts of your lawsuit related to your present confinement? YES
C. If you checked the box marked No in question II.B above provide the name and address of the prison or jail to which the facts of this lawsuit pertain. N/A
D. Do the facts of your lawsuit relate to your confinement in a Tennessee State Prison? YES
E. If you checked the box marked Yes in question II.D above have you presented these facts to the prison authorities through the state grievance procedure? YES

1

F. If you checked the box marked Yes in question II.E above:
   1. What steps did you take? <u>Filed a grievance on 10/7/09 appealed through the entire process, filed another grievance on 7/29/2010 appealed through entire process, filed a third grievance on 8/31/2010. (Copy of Grievance's attached hereto)</u>
   2. What was the response of the prison authorities? <u>All grievances deemed inappropriate.</u>

G. If you marked No in question II.E. above, explain why not. <u>N/A</u>

H. Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.) <u>No</u>

I. If you checked the box marked YES in question II.H. above, have you presented these facts to the authorities who operate the detention facility? <u>N/A</u>

J. If you checked the box marked YES in question II.I. above:
   What steps did you take? <u>N/A</u>
2. What was the response of the authorities who run the detention facility? <u>N/A</u>

L. If you checked the box marked NO in question II.I above, explain why not. <u>N/A</u>

III. PARTIES TO THIS LAWSUIT:
   A. Plaintiff bringing this lawsuit:
   1. Name of the plaintiff: <u>ROBERT L. MITCHELL</u>
Prison Id. No. of the plaintiff: <u>211035</u>
Adress of the plaintiff: <u>South Central Correctional Facility 555 Forrest Ave. Clifton, Tn. 38425 or, P.O.BOX 279 Clifton, Tn.38425.</u>

   B. Defendants against whom this lawsuit is being brought:
1. Name of the first defendant: <u>Damon Hininger and/or the Correction Corporation of America.</u>
   Place of the first defendants employment: <u>Correction Corporation of America, 10 Burton Hills Boulevard Nashville,Tn. 37215.</u>
       Named in official capacity? <u>YES</u>
       Named in individual capacity? <u>YES</u>

2

2. Name of the second defendant: <u>Cherry Lindamood (warden)</u>
Place of employment of the second defendant: <u>South Central Correctional Facility 555 Forrest Ave. Clifton,Tn. 38425.</u>
    Named in official capacity? YES
    Named in individual capacity? YES

3. Name of the third defendant: <u>Daniel Prichard (assistant warden).</u>
Place of Plavce of employment of the third defendant: <u>South Central Correctional Facility 555 Forrest Ave. Clifton,Tn. 38425.</u>
    Named in official capicity? YES
    Named in individual capicity? YES

4. Name of the fourth defendant: <u>Angela Steadman (Health Administrator).</u>
Place of employment of the fourth defendant: <u>South Central Correctional Facility 555 Forrest Ave. Clifton, Tn. 38425.</u>
    Named in official capicity? YES
    Named in individual capicity? YES

---

IV.                       STATEMENT OF THE FACTS

    Plaintiff Mitchell was returning from his job assignment in June of 2009, and fell down a set of stairs approximately 12 to 14 steps high. He went to medical and the nurse gave him a pack of ibprofen, and told him that he probaly just pulled a muscle. Plaintiff Mitchell went back to medical atleast four time's before he actually got to see the nurse practitioner N/P on 8/19/2009, two months after the injury. The N/P ordered an x-ray on 8/27/2009, forthe plaintiff's back. The plaintiff went back on 9/9/2009, to find out the results of the back x-ray, and on this day the N/P set an appointment for another x-ray on September 15, 2009, for the plaintiff's hip because the pain had now started to radiate down into the hip and lower leg. As of September 28,2009, the plaintiff had not heard anything as to the results of the x-ray, so he filled out another sick call form and went back to medical and informed the nurse that he was still in very serious pain, and had not heard anything on the x-ray results. The nurse then opened the plaintiff's medical file and said the hip x-ray showed a significant degenerative condition and an appointment

3

was set to see the medical doctor on October 2,2009. While talking
to Dr. Lovelace the plaintiff informed the Dr. that putting pressure
on the left leg causes severe pain inthe back,hip, and left leg.
The Dr.then precribed the same medication to the plaintiff that the
N/P had already precribed two months earlier. The plaintiff told
the Dr. that he had already taken hte steroids and anti-inflamatory
pills and the pills have not helped at all.

The plaintiff then filed a grievance on October 7,2009, because
medical was not helping and the pain was so severe he couldhardly
walk without doubling over in pain. After the grievance was filed
the Dr. then ordered an appointment for an M.R.I. Then on November
25,2009 the plaintiff was transported to Wayne County Medical Center
in Waynesboro,Tennessee and a M.R.I. was finally done five months
after the injury occured. The results of the M.R.I. showed the plaintiff
had (disk herniation at L1-2 and an annular tear indents the left
anterior thecal sac- it also said there is a substantial compression
of the thecal sac which measures about 5mm AP in the mid line. It
also said L2-3 showed extruded disk herniation is superimposed on
diffuse disk bulge with sever right lateral recess stenosis and
compression of hte right anterior thecal sac. it also indicates
many other injuries in the plaintiff's back COPY OF M.R.I. ATTACHED
HERETO). After the results of the M.R.I., the plaintiff was transported
to a bone and joint specialist in Savannah,Tn.(Savannah Bone and
joint specialist) without his M.R.I. and/or x-rays.The specialist
Barry j. Hennessey,D.O.F.A.O.A.S.M. took new x-rays and done a
physical exam of the plaintiff. The specialist recommended that the
plaintiff begin a physical therapy program for the lower lumbar spine
to relieve th pain that the plaintiff is in, and the refferred the
plaintiff to a bone and joint replacement specialist because this
injury would require more than just a general orthopedic treatment
because the plaintiff would have to have the entire actabulum remodeled
as well as general hip replacement.(Please see the letter of reco-
mmendation from said bone and joint specialist attached hereto).

The specialist, Barry J. Hennessey, at Savannah Bone and Joint
recommended this on January 14, 2010, and approximately one month
later the plaintiff was transported to Meharry Medical in Nashville
Tn. where the Orthopedic Spine Surgeon Dr. Limbird came in and asked

4

the correctional officer's that transported the plaintiff: Did the prison send the x-rays"? The correctional's officer then replied "NO". At that time Dr. Limbird replied: " Take him (the plaintiff) down and x-ray him and we will bill them (C.C.A.) another 3,000 dollars for these x-rays". When the plaintiff returned, Dr. Limbird informed him that he did not need hip surgery and prescribed anti-inflamatory pills even though the plaintiff had already been prescribed the medication twice and it did not help at all. Dr. Limbird then explained to the plaintiff that he would set an appointment for a nerve test(EMG) to be performed on the plaintiff's back within about two weeks. The plaintiff was then transported back to the prison, and as to this date 7/29/2010, the plaintiff has not started the physical therapy that Barry J.Hennessey recommended back on January 14,2010, nor has the plaintiff received the nerve test (EMG) that Dr. Limbird ordered back on Febuary 25,2010. The plaintiff is still in serious pain everyday and in need of the medical attention that Dr. Barry J. HEnnessey, and DR. Limbird recommended seven (7) months ago.

    The plaintiff has spoken to the warden, Cherry Lindamood, and expressed to her that he was in serious pain and needed medical help and the warden told the plaintiff to be patient. The plaintiff then spoke to the health administrator, Angela Steadman, and the Assistant warden Daniel Prichard, on May10, 2010,as they were doing a walk-through of the facility and while addressing the situation the plaintiff asked the assistant warden to please try to get him to a hospital so he could get some help because of the pain. At this time the assistant warden stated: : " We can't just take you and do surgery on you when we get ready to. We need a doctor to recommend it". The plaintiff then replied: "A Dr. has recommended a physical therapy program and a hip surgery". The assistant warden then said " HOw do you know a Dr. has recommended this"? The plaitiff replied:"Because when I was at Savannah Bone and Joint, I signed a release form so my father would be able to obtain my x-rays and whatever the Dr. recommended, and the specialist there Barry J. Hennessey, mailed my father my x-rays and a letter explaining what he recommended for medical treatmenmt". At this time the assistant warden said " This conversation is over and I don't want to hear anything else about it! " Then as he and the health administrator

5

Angela Steadman, started to walk away, Angela Steadman said "we just need to ship him".(Reffering to the plaintiff)

AS of 7/29/2010, the plaintiff had not received any of the medical treatment that the bone and joint specialist recommended, nor had the plaintiff received the EMG nerve test hte Orthopedic Spine Surgeon recommended on Febuary 25,2010. INfact all treatment had stoped completely and the plaintiff had not received any of the treatment that either doctor had remommended back seven months earlier. Therefore the plaintiff filed another grievance on 7/29/2010, because he is suffering everyday from serious pain that causes the plaintiff to double over in,or squat down because of the pain in the plaintiffs back,hips, and legs.

The pain is so intinsive it causes the plaintiffs whole body to get very hot and sweat profusely at times. When the plaintiff urinates he has to bend his knees to try and ease the pain that shoots down into his legs. The plaintiff is in serious pain on a daily basis, and in need of medical treatment (surgery) to fix this injury that occured fifteen (15) months ago when the plaintiff fell down a set of steps here at this facility. The physical therapy and hip surgery has been recommended by a bone and joint specialist, and a nerve test on the plaintiffs back was ordered by Dr. limbird an orthopedic spine surgeon on Febuary 25,2010.

However, the Correction Corporation of America (C.C.A.), the warden Cherry Lindamood, the assistant warden Daniel Prichard, the health administrator,Angela Steadman have completely ignored the specialist and the Orthopedic Spine Surgeons recommendation, and let the plaintiff sit here at this facility and suffer in serious pain for fifteen(15)months due to the deliberate indifference on the part of each and all of the defendants mentioned above.

The plaintiff has put forth a diligent effort to get the proper medical treatment by continuosly going to medical asking and/or begging for help. The plaintiffs father has called the warden, Cherry Lindamood, the assistant warden, Daniel Prichard, and the health administrator Angela Steadman, trying to get the plaintiff help. He has called Donna White, and Dana Danner at T.D.O.C. throughout the month of July,2010, trying to get the Tennessee Department of Corrections to help get the plaintiff medical treatment, however all calls made by the plaintiffs father have fell upon deaf ears or just simply have been ignored. The plaintiff filed a grievance on 10/7/2009, appealed it through the entirre process, and it was deemed

inappropriate. The plaintiff filed another grievance on 7/29/2010, and he was sent a medical pass on 8/2/2010, to see the medical doctor on 8/3/2010, The plaintiff went and spoke with the medical doctor and explained the symptoms of his injury, and at this time she Dr. Walker done a physical exam, and said she was going to prescribe him the same anti inflamatory pills he had already been prescribed three times before, (the same pills that have not helped the plaitiff for the last year at all ). Doctor Walker then asked the plaintiff why he was not using the cane that had been issued to him in Febuary of 2010, the plaintiff then replied: "What cane no one has ever given me a cane." Dr. Walker then told the plaintiff: "We have been told you are playing basket ball and lifting weights." The plaintiff then replied if I could play ball and lift weights I would not be here at medical." The Dr. then left and the nurse returned with a cane for the plaintiff. The cane was originally recommended for the plaintiff by Dr.Limbird on Febuary 25,2010, however the plaintiff did not receive the cane until 8/3/2010. The cane does not stop any of the pain in the plaintiff's back nor does it stop the pain from shooting down into the plaintiffs leggs when he urinates.

    On 8/13/2010, the plaintiff was transported to Meharry Medical in Nashville where he was seen by Bungalore- Bittal a neurologist at the medical center. The neurologist explained to the plaintiff that had the physical therapy been provided when it was originally recommended seven (7) months ago that it would have helped the plaintiffs back, but now that it's been so long and the physical therapy was not provided it's going to require surgery to fix the plaintiffs back.

    On 8/23/2010, the warden Cherry Lindamood answered the plaintiffs grievances that was filed on July 29,2010. The warden Cherry Lindamood answered the plaintiffs grievance and stated " Inmate Mitchell has received all the medical treatment that has been recommended for him." The wardens answer to the plaintiffs grievance has no truth to it at all. The truth is the plaintiff has not received any of the medical treatment that has been recommended , as to the date of 8/23/2010 when the warden answered the grievance. The plaintiff had not received the physical therapy that was ordered by Barry J. Hennessey on January 14, 2010,to relieve the pain that the plaintiff is in. (Letter from Barry J.Hennesseys recommendation attached hereto)

7

nor has the plaintiff received the nerve test (EMG) on his back that Dr. Limbird ordered back on Febuary 25, 2010. However the warden Cherry Lindamood answered the plaintiffs grievance on 8/23/2010, and stated the plaintiff had received this treatment.

The plaintiff was transported to Meharry medical on 8/26/2010 again for the third time without the M.R.I. results and/or x-rays When Dr. Limbird came in he ask the transport officer correctional officer McElroy "Did you bring the M.R.I." The transport officer replied: "NO". Dr Limbird then said " I can't do anything for him if you didn't bring his M.R.I.". Dr. Limbird then said "I'll just order another M.R.I. so I will have one for myself". The plaintiff then asked the Dr. will it be another six(6), months before I see you again?" Dr. Lindbird replied: "I seen you in Febuary and set an appointment to do a nerve test (EMG) on your back in two(2), weeks not six(6) months. The plaintiff has still not received this nerve test that Dr. Limbird ordered back seven months ago on Febuary 25, 2010.

The plaintiff filed another grievance on 8/31/2010, because the defendants keep transported him to his medical appointments without his x-rays, or M.R.I. results, therefore unable to receive any treatment. The health administrator Angela STeadman answered answered the plaintisfs grievance on 9/2/2010, and stated "Inmate Mitchell has received all treatment that has been recommended, the physical therapy, and the nerve test EMG that Dr. Limbird ordered on Febuary 25, 2010, and inmate Mitchells claims are untrue". The health administrator answered this grievance on 9/2/2010, and claims that the plaintiff has received the physical therapy, and the EMG nerve test on his back.

However, as of 9/2/2010, the plaintiff has not received the physical thepapy Dr. Barry J. Hennessey recommended on January 14. nor has the plaintiff received the nerve test (EMG) that the orthopedic spine surgeon Dr. Limbird ordered back seven months ago on Febuary 25, 2010, but the health administrator Angela Steadman, and the warden Cherry Lindamood answered both grievances on 8/23/2010, and 9/2/2010, claiming the plaintiff has received this treatment. (copy of grievances attached hereto)

On 9/10/2010, the plaintiff was transported to Hardin County Medical Center to start the physical therapy program that was ordered eighth (8) months ago, this is the same physical therapy thatthe

8

warden Cherry Lindamood, and the Health Administrator Angela Steadman claimed in their answers dated 8/23/2010, and 9/2/2010, that the plaintiff had already received . The plaintiff has not received the EMG nerve test on his back at this time either however both the warden and the health administrator claims the plaintiff has already received this treatment.

Not only are the warden and health administrator being untruthful about the plaintiff receiving this treatment, when the plaintiff was transported for his first appointment to Hardin County Medical Center to receive the physical therapy he was again transported without his M.R.I. The Medical center Had to call the Prison and have the prison Fax the M.R.I. results before the second visit.

The plaintiff is in need of a surgical procedure to fix this injury. The plaintiff was transported to a bone and joint specialist on January 14, 2010, the specialist recommended that the plaintiff start a physical therapy program to relieve the pain. The plaintiff was not provided this physiccal therapy untill eight8 months later. The plaintiff was also transported to Dr. Limbird an orthopedic spine surgeonon Febuary 25, 2010, and Dr. Limbird ordered that an EMG nerve test be performed on the plaintiffs back withih two (2) weeks, and as of 9/16/2010 this EMG nerve test has not been done. The plaintiff is continuously being transported to appointments without his M.R.I. results or his x-rays, therefore unable to receive the proper medical care, or any medical care for this injury that occured fifteen (15) months ago, at this facility when the plaintiff fell down a set of stairs.

The plaintiff is asking this Honorable Court to order that this is a violation of the plaintiffs Eight Amendment right to adequate medical care to a serious medical need that is causing the plaintiff to suffer serious pain everyday, daily discomfort, and an inability to participate in normal daily activities.

---

V.

### A. RELIEF REQUESTED FROM DAMON HININGER AND,OR CORRECTION CORPORATION OF AMERICA

The plaintiff request an order declaring the defendants have acted in violation of the eighth amendment right to adequate medical

9

care under the U.S. Constitution.

The plaintiff request an injuction compelling the defendants, Damon HIninger and/or Correction Corporation of America (referred to hereafter as (C.C.A.), to provide the adequate medical care that the bone and joint specialist recommended on January 14,2010, and all treatment the Orthopedic spine surgeon ordered on February 25, 2010, and the surgery the neurologist informed the Plaintiff he needed to fix this injury. That the aduquate medical care be performed by a qualified joint replacement specialist, or an orthopedic spine surgeon independant of the influence of C.C.A.

The plaintiff further request that an injuction order be issued prohibiting the plaintiff from being transferred from his current facility of confinement untill the plaintiff receives the adequate medical care concerning his back and hip injury and all post-operation physical therapy and has a full and complete recovery.

The plaintiff also request that he be awarded compensatory damages in the sum of Three Hundred and Sixty Thousand Dollars, (360,000.00), for the physical pain and suffering the plaintiff has been forced to endure for the last (15) months because of the deliberate indifference on the part of C.C.A. for completely ignoring the serious medical need that has caused the plaintiff extreme pain, daily discomfort, and an inability to participate in normal daily activities for the last fifteen (15) months, and this action of C.C.A. has deprived the plaintiff of his Eighth Amendment right to adequate medical care. And this adequate Medical care has been recommended by a bone and joint specialist that C.C.A. transported the plaintiff to on January 14, 2010, and by a orthopedic spine surgeon and neurologist that C.C.A. transported the plaintiff to on the dates of February 25, and August 13, 2010.

The recommendation of the specialist Barry J. Hennessey, has not been carried out, nor has the plaintiff received the E.M.G. nerve test that the orthopedic spine surgeon ordered on February 25, 2010,or the surgery that the neurologist explained to the plaintiff he needed to fix this very serious injury. This is all due to Correction Corporation of America refusing or just simply ignoring medical orders.

B.

## RELIEF REQUESTED FROM CHERRY LINDAMOOD, WARDEN AT SOUTH CENTRAL CORRECTION FACILITY

The plaintiff request an injunction compelling the defendant Cherry Lindamood to provide the adequate medical care that the bone and joint specialist recommended on January 14,2010, and all treatment that the orthopedic spine surgeon ordered on February 25,2010, and the surgery that the neurologist told the plaintiff he needed on 8/13/2010. That the adequate medical care be performed by qualified surgeons independant of the influences of C.C.A.

The plaintiff further request that an injunction order be issued prohibiting the plaintiff from being transferred from his current facility of confinement untill the plaintiff receives the adequate medical care concerning his back and hip injury and all post-operation phtsical therapy and has a full and complete recovery.

The plaintiff also request that he be awarded compensatory damages in the sum of fifty thousand dollars (50,000.00), for the physical pain and suffering the plaintiff has been forced to indure for the last fifteen (15 months due to the deliberate indifference on the part of this defendant for completely ignoring the serious medical need that has caused the plaintiff extreme pain, daily discomfort, and an inability to participate in normal daily activities for the last fifteen months, and this action of this defendant has deprived the plaintiff of his eight amendment right to adequate medical care. And this adequate medical care has been recommended by certified bone specialist,orthopedic spine surgeon and neuro surgeon that this defendant has transported the plaintiff to.

The recommendation of these certified medical doctors has not been carried out due to this defendant refusing or just simply not carring, and ignoring medical orders.

11

C.

## RELIEF REQUESTED FROM DANIEL PRITCHARD, ASSISTANT WARDEN AT SOUTH CENTRAL CORRECTIONAL FACILITY

   The plaintiff request an injunction compelling the defendant Daniel Pritchard, to provide the adequate medical care that the bone and joint specialist recommended on January 14,2010, and all treatment that the orthopedic spine surgeon ordered on February 25,2010, and the surgery that the neurologist told the plaintiff he needed on 8/13/2010. That the adequate medical care be performed by qualified surgeons independant of the influences of C.C.A.
   The plaintiff further request that an injunction order be issued prohibiting the plaintiff from being transferred from his current facility of confinement untill the plaintiff receives the adequate medical care concerning his back and hip injury and all post-operation physical therapy and has a full and complete recovery.
   The plaintiff also request that he be awarded compensatory damages in the sum of fifty thousand dollars (50,000.00), for the physical pain and suffering the plaintiff has been forced to indure for the last fifteen months due to the deliberate indifference on the part of this defendant for completely ignoring the serious medical need that has caused the plaintiff extreme pain, daily discomfort, and an inability to participate in normal daily activities for the last fifteen months, and this action of this defendant has deprived the plaintiff of his eight amendment right to adequate medical care. And this adequate medical care has been recommended by certified bone and joint specialist, orthopedic spine surgeon and neuro surgeon that this defendant has transported the plaintiff to.
   The recommendation of these certified medical doctors has not been carried out due to this defendant refusing or just simply not carring, and ignoring medical orders.

D.
## RELIEF REQUESTED FROM ANGELA STEADMAN, HEALTH ADMINISTRATOR AT SOUTH CENTRAL CORRECTIONAL FACILITY

The plaintiff request an injunction compelling the defendant Angela Steadman, to provide the adequate medical care that the bone and joint specialist recommended on January 14,2010, and all treatment that the orthopedic spine surgeon ordered on February 25,2010, and the surgery the neurologist told the plaintiff he needed on 8/13/2010. That the adequate medical care be performed by qualified surgeons independant of the influences of C.C.A.

The plaintiff further request that an injunction order be issued prohibiting the plaintiff from being transferred from his current facility of confinement untill the plaintiff receives the adequate medical care concerning his back and hip injury and all post-operation physical therapy and has a full and complete recovery.

The plaintiff also request that he be awarded compensatory damages in the sum of fifty thousand dollars (50,000.00) for the physical pain and suffering the plaintiff has benn forced to indure for the last fifteen months due to the deliberate indifference on the part of this defendant for completely ignoring the serious medical need that has caused the plaintiff extreme pain, daily discomfort, and an inability to participate in normal daily activities for the last fifteen months, and this action of this defendant has deprived the plaintiff of his eighth amendment right to adequate medical care. And this adequate medical care has been recommended by certified bone and joint specialist, orthopedic spine surgeon and neuro surgeon that this defendant has transported th e plaintiff to.

The recommendation of these certified medical doctors has not been carried out due to this defendant refusing or just simply not carring, and ignoring medical orders.

13

VI. Certification:

I certify under the penalty of perjury that the foregoing complaint is true and accurate.

Signature: _Robert L. Mitchell_  Date: _11-5-10_

Prison I.D. No. _211035_

Address: _555 Forrest Ave. P.O. Box 279, Clifton TN. 38425_
   Include the city, state and zip code.

14