UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
ROBERT L. MITCHELL,              )
                                 )
        Plaintiff                )
                                 )   No. 1:10-0105
v.                               )   Judge Campbell/Brown
                                 )
DAMON HININGER, CHERRY           )
LINDAMOOD, ANGELA STEADMAN,      )
and DANIEL PRITCHARD,            )
                                 )
        Defendants               )
```

## SCHEDULING ORDER

Service of process has been accomplished and the Defendants in this matter have filed an answer (Docket Entry 20). The Plaintiff has requested subpoenas *duces tecum* to take depositions be furnished to him (Docket Entry 21).

The Plaintiff is reminded that all communications with the Court must show that he has also sent a copy to opposing counsel. An appropriate certificate of service would be:

> I certify that a copy of the foregoing [insert name of document] has been served by [insert whether by mail, hand-delivery, certified mail, etc.] upon [insert attorney(s) name, add address] on [insert date you mailed or delivered].
>
> _____
> [sign your name and
> enter your printed
> or typed name, address
> and telephone number
> below the signature line]

Under Local Rule 35.01(a)(1) the Clerk shall issue subpoenas to *pro se* parties pursuant to Federal Rules of Civil Procedure 45 only upon written motion filed and an order entered by

the Court. In order to obtain such an order the Plaintiff will need to file a motion with the Court stating which subpoenas he wishes issued and what information he intends to secure by use of the subpoenas.

Inasmuch as answers have now been filed, the following deadline is set for discovery.

I. **GENERAL COURT RULES AND PROCEDURES**

Any filing made with the Court must comply with Rule 5 of the Federal Rules of Civil Procedure, which requires that a copy of any filing made with the Court be sent to the opposing party or their counsel and that the filing contain a certification stating to whom a copy has been sent, at what address, and on what date. Any filing which does not comply with this requirement will be returned and/or stricken from the record.

Each party is responsible for making and obtaining copies of any documents or filings they send to the Court. It is not the Court's responsibility to provide free copies of any documents to the parties. If a party desires to obtain a copy of a document in the official court file the party should contact the Clerk's office, with the docket entry number of the document if possible, about obtaining copies. The cost of copying is .50¢ per page.

Each party is required to keep both the Court and the opposing party or their counsel informed of their current address. The Plaintiff's failure to keep the Court informed of his current address and telephone number may result in a recommendation that

the action be dismissed for failure to prosecute and for failure to comply with the Court's order.

**II. PRETRIAL DEADLINES**

**Discovery**

This case shall be exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1).

All discovery shall be completed by **July 8, 2011**. By this, the Court means that all written discovery should be served far enough before the discovery completion date, *i.e.* at least **30 days** prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline. For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.

Any party seeking to serve written discovery upon another party which would result in responses being served after the discovery completion deadline must obtain leave of the Court to serve untimely discovery requests.

Written discovery should be sent to the opposing party and should not be filed with the Court, nor should a copy of the written discovery be sent to the Court unless it is sent as an attachment to a discovery motion. A Court order is not required for a party to engage in discovery and discovery in an action is

not stayed upon the filing of any motion unless specifically ordered by the Court.

## Discovery Motions

All discovery motions must be filed by **July 8, 2011**. All discovery motions must comply with the applicable requirements contained in Rule 37 of the Federal Rules of Civil Procedure, Rule 9 of the Local Rules of Court, or any other relevant Federal Rules of Civil Procedure.

No discovery dispute related motions shall be filed without first contacting the Magistrate Judge Brown's office and scheduling a telephone conference with Magistrate Judge Brown to discuss the dispute.

## Dispositive Motions

All dispositive motions to dismiss and for summary judgment shall be filed by **August 8, 2011**. Plaintiff is forewarned that dispositive motions must be responded to within **30 days** unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding, Plaintiff may not just rely on his complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 8(b)(7).

If dispositive motions are filed earlier, the response and reply dates for that motion shall be moved up accordingly.

**Other Motions**

Any other motions (other than in limine or related to trial matters) must be filed by **August 8, 2011.**

### Trial

The Magistrate Judge believes this case will take two or three days to try with a jury and should be ready for trial on or after January 17, 2012. Judge Campbell will issue a separate order setting the date for trial and covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge