UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ROBERT L. MITCHELL, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case 1:10-0105 |
| v. ) | Judge Campbell/Brown |
| ) | |
| DAMON HINIGER, et al., ) | |
| ) | |
| Defendants ) | |

## O R D E R

At the present time there are several pending motions. The first (Docket Entry 29) is a request for subpoenas *duces tecum* for records of Drs. Limbird, Neblett and Henessey. This motion should be termed as **PENDING** inasmuch as the Magistrate Judge in Docket Entry 32 directed that these subpoenas be issued when the Plaintiff had returned a HIPAA release to the Defendant.

The next motion (Docket Entry 37) is a motion for issue of subpoenas *duces tecum* to the Nashville General Hospital and again for Dr. Thomas Limbird. This motion should also be termed as **PENDING** inasmuch as the Magistrate Judge in Docket Entry 42 again provided these subpoenas would not issue until such time as he was notified the completed HIPAA release had been executed by the Plaintiff and received by the Defendants.

The Plaintiff filed a motion for the District Judge to review this order (Docket Entry 47) and the District Judge denied the motion for review, leaving the Magistrate Judge's order (Docket Entry 42) in effect (*see* Docket Entry 57).

Subsequently, on July 19, 2011, the Magistrate Judge held a telephone conference with the parties and entered an order directing the Plaintiff to sign a release for medical records so the medical records can be produced for both sides. It appears that the Plaintiff has now filed a motion which appears to be intended as a request for the District Judge to review this order (Docket Entry 63). To the extent that it is a request that the Magistrate Judge change the order, the Magistrate Judge believes that the order is correct and declines to change it. The **Clerk** should transmit a copy of the order to Judge Campbell to the extent the Plaintiff seeks a review of this order by the Magistrate Judge's.

Subsequently, the Defendants filed two motions concerning the HIPAA release. The first (Docket Entry 68) is **TERMINATED** as moot, in view of the filing of an amended motion to compel (Docket Entry 70), this amended motion is **GRANTED.** The Magistrate Judge has been over this issue repeatedly in telephone conferences and his order directing the Plaintiff to sign the HIPAA release the Defendants has sent to Plaintiff. The Magistrate Judge has reviewed the HIPAA release that the Defendants sent to the Plaintiff (Docket Entry 70-2) as well as the HIPAA release returned by the Plaintiff (Docket Entry 70-1).

The Magistrate Judge will not issue the subpoenas requested by the Plaintiff until he signs the HIPAA release sent to

him by the Defendants and returns it an unaltered form to the Defendants. The Plaintiff has put his medical history at issue in this case and the Defendants are entitled to secure all of his medical records.

The Magistrate Judge remains very concerned that despite the Plaintiff's complaint of extreme pain from his back and his need for immediately surgery, the Plaintiff simply refuses to return the HIPAA release which would allow the documents that both sides need to evaluate this case to be promptly secured. Unfortunately, the Plaintiff is the architect of his own delays in this case.

There is also a motion for an injunctive order by the Plaintiff (Docket Entry 44). The Magistrate Judge would like to rule on this as soon as practicable. However, in order to evaluate the Plaintiff's likelihood of success which is a key element of this motion, the Magistrate Judge needs the medical records in question. While a number of medical records have been filed they, in some cases, raise more questions than answers (*see* Docket Entry 59). In particular, the Magistrate Judge is extremely interested in the most recent report from the Vanderbilt Surgery Clinic, referred to in Docket Entry 53-1, page 11.

The Plaintiff is warned that failure to participate in discovery and his continued refusal to return a properly signed HIPAA release can result in a recommendation to the District Judge

3

that his case be dismissed for failure to obey Court orders and to properly participate in discovery. This is an extreme measure and the Magistrate Judge would do so only with great reluctance. However, the Plaintiff's stubborn refusal to return HIPAA releases may eventually make this necessary.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge