IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ROBERT L. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-0105 |
| ) | |
| v. ) | Judge Campbell/Brown |
| ) | **Jury Demand** |
| ) | |
| DAMON HINIGER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

To: The Honorable Todd J. Campbell, Chief Judge

## REPORT AND RECOMMENDATION

Currently pending before the Magistrate Judge is Defendants' Motion for Involuntary Dismissal and Plaintiff's response. (Docket Entries 81, 82). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendants' Motion for Involuntary Dismissal be **DENIED**.

### I. PROCEDURAL BACKGROUND

Plaintiff, an inmate of the Tennessee Department of Corrections and appearing *pro se*, commenced this 42 U.S.C. § 1983 action on November 8, 2010, seeking to compel Defendants to provide him with certain medical care. (Docket Entry 1). In relevant part, the pending motion for involuntary dismissal deals with the proper execution of HIPAA release forms.

On March 28, 2011, Plaintiff filed a motion for issuance of subpoenas *duces tecum* for three physicians. (Docket Entry 29). After a telephone conference held with the parties on April 19, 2011, the Magistrate Judge noted that Plaintiff insisted on receiving his medical records

directly from the examining physicians, instead of Plaintiff executing a HIPAA release allowing Defendants to request the records and provide copies to him. (Docket Entry 31, p. 2). The Magistrate Judge agreed to authorize the subpoenas–but only upon Defendants' receipt of the HIPAA release executed by Plaintiff. (*Id*., p.3).

On May 23, 2011, Plaintiff filed another motion for the same issuance of subpoenas *duces tecum*. (Docket Entry 37). Responding on May 25, 2011, Defendants did not oppose Plaintiff obtaining the medical records; instead, Defendants opposed Plaintiff's motion on grounds that he failed to comply with the Magistrate Judge's order that Plaintiff provide Defendants with an executed HIPAA release. (Docket Entry 41). Defendants stated that, on May 20, 2011, they did receive "Plaintiff's response to the written discovery requests propounded to him; however, the HIPAA authorization was returned unexecuted.." (*Id.*, p. 2). To that end, Defendants claimed to have "resubmitted the unexecuted HIPAA release for Plaintiff's execution" on May 25, 2011. *Id*.

On June 7, 2011, the Magistrate Judge entered an order stating that subpoenas would not issue until notification "that completed HIPAA releases have been executed and received by the Defendants." (Docket Entry 42). Plaintiff filed an objection to this order on June 21, 2011. (Docket Entry 47). In response, Judge Campbell denied Plaintiff's motion and affirmed the Magistrate Judge's order. (Docket Entry 57).

After a telephone conference with the parties on July 14, 2011, the Magistrate Judge entered an order on July 19, 2011, instructing the Plaintiff to promptly sign the HIPAA release and instructing the Defendant to send a new form if necessary.[1] (Docket Entry 59). On July 29,

---

[1] Plaintiff also objected to this order; however, Judge Campbell again affirmed the Magistrate Judge. (Docket Entries 65, 77).

2011, Defendants filed a motion to compel, moving the Court to order Plaintiff to provide them with an executed HIPAA release. (Docket Entry 68). On August 8, 2011, while said motion to compel was still pending, Defendants received a HIPAA release form that was altered by Plaintiff. The next day, on August 9, 2011, Defendants filed an amended motion to compel and provided copies of the HIPAA form executed by Plaintiff and the unaltered HIPAA form that Defendants had provided Plaintiff. (Docket Entry 70). On August 11, 2011, the Magistrate Judge issued an order granting Defendants' amended motion to compel and stated: "[t]he Magistrate Judge will not issue the subpoenas requested by the Plaintiff until he signs the HIPAA release sent to him by the Defendants and returns it in unaltered form to the Defendants." (Docket Entry 71, p. 2-3).

After this August 11, 2011 order granting Defendants' amended motion to compel, the Magistrate Judge received Plaintiff's response to Defendant's original motion to compel from August 8, 2011. (Docket Entry 74). On August 17, 2011, the Magistrate Judge issued another order, stating that he did not find anything in Plaintiff's response that would change the August 11, 2011 order. (Docket Entry 75). The Magistrate Judge also stated that, should Plaintiff wish to appeal the August 17, 2011 order, he must do so within 14 days. *Id.*

Plaintiff and Defendants agree that Plaintiff did not appeal the Magistrate Judge's August 17, 2011 order. (Docket Entry 81, p. 3; Docket Entry 82, p. 2). In response to the pending motion for involuntary dismissal, Plaintiff claims he "mailed the Defendant's attorney an unaltered, executed HIPAA release form on August 26, 2011." (Docket Entry 82, p.2).

## II. LEGAL DISCUSSION

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with

the Rule or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). This measure allows a district court to "effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.*, *quoting Knoll v. American Tel. & Tel.*, 176 F.3d 359, 362-63 (6th Cir. 1999). In serving these tasks, a district court must be given substantial discretion. *Id.* Still, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (th Cir. 2005) (internal citations omitted).

The Sixth Circuit has looked to four factors for guidance in reviewing a dismissal for failure to prosecute per Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363, *citing Stough v. Mayville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998). While "typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363, *citing Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

Turning to this case, the Magistrate Judge does not believe dismissal is warranted. In the Magistrate Judge's August 11, 2011 order, he warned that "Plaintiff's stubborn refusal to return HIPAA releases" might eventually necessitate a dismissal. (Docket Entry 71, p. 4). It now seems, however, that Plaintiff has properly complied with discovery efforts. In the order entered on August 17, 2011, the Magistrate Judge explained that the Defendants are entitled to secure all

Plaintiff's relevant medical records and gave the Plaintiff 14 days to appeal. (Docket Entry 75). The Plaintiff claims that, after receiving that order, he provided Defendants "with an unaltered, executed HIPAA release form on August 26, 2011, by mailing postage prepaid to [Defendants'Attorney Jon A. York's address]." (Docket Entry 82, p. 2-3). It appears that Defendants never received the form Plaintiff described. In any case, Plaintiff provided the Defendants and the Court with the necessary HIPAA release on September 21, 2011. (Docket Entry 82-1).

In response to the Magistrate Judge's August 17, 2011 order, the Plaintiff executed the necessary HIPAA release and delivered it to Defendant: at best, he did so on August 26, 2011; at worst, he did so on September 21, 2011. Echoing the Magistrate Judge's August 11, 2011 order, recommending that this case be dismissed "is an extreme measure and the Magistrate Judge would do so only with great reluctance." (Docket Entry 71, p. 4). The Magistrate Judge notes Plaintiff's repeated complaints of extreme back pain and his pending motion for an injunction for surgical procedures. In the Magistrate Judge's view, the delay Plaintiff caused is not the type of "extreme situation" that justifies the harsh sanction of dismissal. *See Wu*, 420 F.3 at 643.

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendants' Motion for Involuntary Dismissal be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections

within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 3th day of November 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge