IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT L. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-0105 |
| ) | |
| v. ) | Judge Campbell/Brown |
| ) | **Jury Demand** |
| ) | |
| DAMON HINIGER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Pending before the Magistrate Judge are three related motions. Plaintiff filed a Motion to Amend the Complaint and a Motion to Modify the Scheduling Order. (Docket Entries 117, 122). Defendant filed a Motion to Quash Plaintiff's Discovery Requests. (Docket Entry 120). For the reasons set forth below, Plaintiff's motion to amend is **GRANTED** only insofar as he may increase the amount of monetary damages he seeks; Plaintiff's motion to modify the scheduling order is **GRANTED;** and Defendant's motion to quash is **DENIED**.

I. PROCEDURAL BACKGROUND

Plaintiff, an inmate of the Tennessee Department of Corrections and appearing *pro se*, commenced this 42 U.S.C. § 1983 action on November 8, 2010, seeking to compel Defendants to provide him with certain medical care. (Docket Entry 1).

On March 28, 2011, Plaintiff filed a motion for issuance of subpoenas *duces tecum* for three physicians. (Docket Entry 29). After a telephone conference held with the parties on April 19, 2011, the Magistrate Judge noted that Plaintiff insisted on receiving his medical records directly

1

from the examining physicians, instead of Plaintiff executing a HIPAA release allowing Defendants to request the records and provide copies to him. (Docket Entry 31, p. 2). The Magistrate Judge agreed to authorize the subpoenas–but only upon Defendants' receipt of the HIPAA release executed by Plaintiff. (*Id*., p.3).

On May 23, 2011, Plaintiff filed another motion for the same issuance of subpoenas *duces tecum*. (Docket Entry 37). Responding on May 25, 2011, Defendants did not oppose Plaintiff obtaining the medical records; instead, Defendants opposed Plaintiff's motion on grounds that he failed to comply with the Magistrate Judge's order that Plaintiff provide Defendants with an executed HIPAA release. (Docket Entry 41). Defendants stated that, on May 20, 2011, they did receive "Plaintiff's response to the written discovery requests propounded to him; however, the HIPAA authorization was returned unexecuted.." (*Id.*, p. 2). To that end, Defendants claimed to have "resubmitted the unexecuted HIPAA release for Plaintiff's execution" on May 25, 2011. *Id*.

On June 7, 2011, the Magistrate Judge entered an order stating that subpoenas would not issue until notification "that completed HIPAA releases have been executed and received by the Defendants." (Docket Entry 42). Plaintiff filed an objection to this order on June 21, 2011. (Docket Entry 47). In response, Judge Campbell denied Plaintiff's motion and affirmed the Magistrate Judge's order. (Docket Entry 57).

After a telephone conference with the parties on July 14, 2011, the Magistrate Judge entered an order on July 19, 2011, instructing the Plaintiff to promptly sign the HIPAA release and instructing Defendants to send a new form if necessary.[1] (Docket Entry 59). On July 29, 2011,

---

[1]Plaintiff also objected to this order; however, Judge Campbell again affirmed the Magistrate Judge. (Docket Entries 65, 77).

Defendants filed a motion to compel, moving the Court to order Plaintiff to provide them with an executed HIPAA release. (Docket Entry 68). On August 8, 2011, while said motion to compel was still pending, Defendants received a HIPAA release form that was altered by Plaintiff. The next day, on August 9, 2011, Defendants filed an amended motion to compel and provided copies of the HIPAA form executed by Plaintiff and the unaltered HIPAA form that Defendants had provided Plaintiff. (Docket Entry 70). On August 11, 2011, the Magistrate Judge issued an order granting Defendants' amended motion to compel and stated: "[t]he Magistrate Judge will not issue the subpoenas requested by the Plaintiff until he signs the HIPAA release sent to him by the Defendants and returns it in unaltered form to the Defendants." (Docket Entry 71, p. 2-3).

After this August 11, 2011 order granting Defendants' amended motion to compel, the Magistrate Judge received Plaintiff's response to Defendant's original motion to compel from August 8, 2011. (Docket Entry 74). On August 17, 2011, the Magistrate Judge issued another order, stating that he did not find anything in Plaintiff's response that would change the August 11, 2011 order. (Docket Entry 75). The Magistrate Judge also stated that, should Plaintiff wish to appeal the August 17, 2011 order, he must do so within 14 days. *Id.*

Plaintiff and Defendants agree that Plaintiff did not appeal the Magistrate Judge's August 17, 2011 order. (Docket Entry 81, p. 3; Docket Entry 82, p. 2). In response to a motion for involuntary dismissal, Plaintiff claims he "mailed the Defendant's attorney an unaltered, executed HIPAA release form on August 26, 2011." (Docket Entry 82, p.2).

On September 13, 2011, Defendants filed a Motion for Involuntary Dismissal, which the Magistrate Judge recommended be denied. (Docket Entries 81, 88). Accordingly, on November

23, 2011, this Court issued an order denying said motion for dismissal. (Docket Entry 97). On December 19, 2011, this Court ordered a jury trial set for September 4, 2012. (Docket Entry 108).

On November 10, 2011, Plaintiff informed the Magistrate Judge during a telephone conference on November 10, 2011 that he underwent back surgery. (Docket Entry 95). Defendants filed a report regarding said surgery on November 20, 2011. (Docket Entry 102). Because Plaintiff appeared to have obtained the relief he sought, the Magistrate Judge terminated Plaintiff's Motion for Injunction, filed June 9, 2011, as moot. (Docket Entry 114).

In light of Plaintiff's surgery, the Magistrate Judge adjusted the deadlines in this case. The discovery deadline was left open until February 29, 2012 and the deadline for dispositive motions until March 30, 2012. (Docket Entry 95).

On February 9, 2012, Plaintiff filed the pending Motion to Amend the Complaint and supporting affidavit. (Docket Entries 117, 118). Defendants responded in opposition to amendment on February 24, 2012. (Docket Entry 119). On February 27, 2012, Defendants also filed a Motion to Quash Plaintiff's Discovery Requests. (Docket Entry 120). Plaintiff responded in opposition. (Docket Entry 123). On March 1, 2012, Plaintiff also filed a Motion to Modify the Scheduling Order. (Docket Entry 122). The Magistrate Judge now considers the three pending motions. (Docket Entries 117, 120, 122).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16 ("Rule 16") governs the scheduling order and Federal Rule of Civil Procedure 15 ("Rule 15") governs motions for leave to amend pleadings. Rule 16 provides that the district judge shall enter a scheduling order that limits the time to join other parties and to amend the pleadings. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). The rule "is

4

designed to ensure that at some point both the parties and the pleadings will be fixed." *Id.* Rule 16 also "permits modification to the scheduling order 'upon a good cause *and* by leave of the district judge.'" *Id.* (quoting Fed. R. Civ. P. 16(b)).

As for amending pleadings, Rule 15 states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Sixth Circuit has identified factors relevant to the court's decision to grant leave: "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment[.]" *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, 3:09-CV-01098, 2010 WL 3872802, at *3 (M.D. Tenn. Sept. 28, 2010) (quoting *Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390, 402 (6th Cir. 2004)). Delay in filing, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir. 2002). "At some point, however, delay will become undue, placing an unwanted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id.* (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)). In determining potential prejudice the court considers whether the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). In *Leary*, the Sixth Circuit discussed the interplay between Rules 15 and 16. *See also Hill v. Banks* 85 Fed. Appx. 432, 433 (6th Cir. 2003). The court established that a party must first show good cause under Rule 16 for failure to seek leave prior to the scheduling order deadline before the court will consider Rule 15. *Leary*, 349 F.3d at 909. Additionally, the court held that "a determination of the potential

5

prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Id*.

III. ANALYSIS

The Sixth Circuit has highlighted the requirement that district courts "determine the degree of prejudice to the adversary before granting or denying an amendment." *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986). Denying leave to amend a complaint requires "at least some significant showing of prejudice to the opponent." *Id.* In the past, the Sixth Circuit "has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citations omitted). Affirming the district court's denial of leave to file a second amended complaint in *Miller v. Administrative Office of Court*, 448 F.3d 887, 898 (6th Cir. 2006), the court stated that "[b]ecause the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted[.]"

Prejudice may also result from the substantive claims asserted by a proposed amendment. In *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002), the court vacated the district court's denial of leave to amend, reasoning that the defendant "does not have to substantially revise any present defense strategy because the plaintiffs' proposed second amendment does not add new substantive claims or overhaul plaintiffs' theory of the case[.]" The court noted that "another round of motion practice . . . does not rise to the level of prejudice that would warrant denial of leave to amend." *Id.* In *Duggins*, however, the Sixth Circuit affirmed the district court's denial of leave to amend because otherwise allowing it "would create significant prejudice to the defendants in having

6

to reopen discovery and prepare a defense for a claim quite different from the [original claim]." 195 F.3d at 834.

Turning to the case at bar, Plaintiff seeks to amend his complaint for essentially four reasons: (1) to increase the amounts of compensatory damages he presently seeks; (2) to add punitive damages; (3) to add Corrections Corporation of America ("C.C.A.") as a separate defendant; and (4) to demand that Defendants publicly apologize via publication in local and national newspapers. (Docket Entry 117, p. 1-3). In short, the Magistrate Judge sees no harm in allowing Plaintiff to proceed with amendment for the limited purpose of increasing the amounts of monetary damages he already requested. The last two categories of proposed amendments are denied. The Magistrate Judge notes that Plaintiff, proceeding *pro se*, may only represent himself and may only seek certain relief. An apology is not a relief the court may grant nor in a case of this nature may it direct publication in newspapers. Further, the Magistrate Judge notes the fact that C.C.A. was issued a summons, served, and added as a defendant in this case in May 2011. (Docket Entries 35-39). Accordingly, Plaintiffs attempt to add C.C.A. as a party is moot.

Plaintiff is permitted to increase the amount of monetary damages he presently seeks. Even assuming Defendants would be somewhat prejudiced, the Magistrate Judge does not see how it would rise to a *significant* level. Delay by itself does not foreclose amendment and the Magistrate Judge does not believe Plaintiff caused "undue delay" by filing his motion approximately twenty (20) days before the discovery deadline and fifty (50) days before the dispositive motion deadline. *Morse*, 290 F.3d 800. To that end, Defendants would not suffer significant prejudice like they might if Plaintiff's motion was filed after said deadlines. *See Duggins*, 195 F.3d at 834; *Miller*, 448 F.3d at 898. Additionally, Plaintiff is only permitted to increase the amounts of monetary damages he

7

already seeks and does not propose any new *substantive* claims. Allowing Plaintiff to seek more monetary relief would not change his theory of the case and certainly would not substantially revise Defendants' defense strategy. *See Morse*, 290 F.3d at 801. Plaintiff has offered reasons why he now wishes to increase his request for monetary damages. (Docket Entry 117, pg. 3-8). Although Defendants emphasize that this case has been ongoing since November 2010, the Magistrate Judge notes that a variety of circumstances have occurred in that time–including Plaintiff's back surgery which for a long time the Defendants insisted was not needed. The alleged increases in pain and/or complications from surgery that may have altered Plaintiff's circumstances over the past year are relevant considerations. In short, the Magistrate Judge believes leave to amend monetary claims should be "freely given."

The Magistrate Judge believes Defendants' motion to quash Plaintiff's discovery requests should be denied for many of the reasons stated above. While serving the request two days before the discovery deadline is not ideal and contrary to the scheduling order caution (Docket Entry 22, p. 3-4) that discovery served less than 30 days before the deadline may result in discovery being denied, Plaintiff filed within that deadline and before the dispositive motions deadline. Defendants were effectively on notice of the possibility that said deadlines could be extended upon granting Plaintiff's motion to amend. In any case, Defendants are not so prejudiced that it rises to a significant degree. The Magistrate Judge has also reviewed Plaintiff's interrogatory request and does not deem it particularly daunting. Plaintiff has offered reasons why he did not file the discovery request sooner. Given the extensive procedural history in this case, the Magistrate Judge does not see good reason to deny this additional discovery request in light of Plaintiff's claim he had limited access to legal resources.

8

The Magistrate Judge **RESETS** the discovery deadline to April 9, 2012, and the dispositive motions deadline to April 30, 2012. Responses are due May 28, 2012 and any reply, limited to 5 pages, is due by June 4, 2012. Accordingly, Defendants' motion to quash is denied and Plaintiff's motion to amend the scheduling order is granted.

IV.  CONCLUSION

For the reasons set forth above, Plaintiff's motions to amend is **GRANTED** only insofar as he may increase the amount of damages he seeks; Plaintiff's motion to modify the scheduling order is **GRANTED;** and Defendant's motion to quash is **DENIED**.

It is so **ORDERED**.

Entered this 12th day of March, 2012.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

9