IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ROBERT L. MITCHELL            )
                              )
v.                            ) NO. 1-10-0105
                              ) JUDGE CAMPBELL
DAMON HININGER, et al.        )

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 154). For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED.

FACTS

At all times relevant herein, Plaintiff Robert Mitchell was an inmate in South Central Correctional Facility ("SCCF"). He alleges that, in March of 2009, while returning from a work assignment at SCCF, he fell down a set of concrete steps and seriously injured his back. Plaintiff contends that he went to the prison medical clinic and was given Ibuprofen for his pain. Plaintiff asserts that he returned to the clinic numerous times over the next eight months, and he continued to receive pain medication which did not help his pain.

In November of 2009, Plaintiff was taken to Wayne County Medical Center for an MRI. Plaintiff alleges that the MRI indicated a serious back injury. In response to the MRI report, Defendants ordered that Plaintiff receive an orthopedic consultation.

In January of 2010, Plaintiff was taken to Savannah Bone and Joint and seen by Dr. Hennessey. Plaintiff asserts that Dr. Hennessey took x-rays and did a physical exam, but he was not given a copy of Plaintiff's MRI. Dr. Hennessey recommended physical therapy for Plaintiff, which Plaintiff maintains Defendants refused to provide until eight months later.

In February of 2010, Plaintiff was transported to Nashville General Hospital for an orthopedic consultation with Dr. Limbard. Plaintiff avers that, once again, Defendants did not bring a copy of Plaintiff's x-rays or MRI. Dr. Limbird ordered that an EMG be performed and that Plaintiff return thereafter.

In August of 2010, Plaintiff was taken back to Nashville General Hospital for an appointment with Dr. Vittal. Dr. Vittal reviewed Plaintiff's MRI report and recommended that Plaintiff try different medications, undergo physical therapy, and have a surgical evaluation.

Later in August of 2010, Plaintiff returned to Nashville General Hospital for an appointment with Dr. Limbard. Plaintiff asserts that, once again, Defendants had not forwarded Plaintiff's MRI to Dr. Limbard.[1] In addition, Defendants had not scheduled the EMG as ordered by Dr. Limbard or arranged any physical therapy as recommended by both Dr. Hennessey and Dr. Vittal.[2]

In September of 2010, Plaintiff was taken to Hardin County General Hospital for physical therapy. In October of 2010, Plaintiff was taken to Nashville General Hospital for a second MRI. He returned to Dr. Limbard in November of 2010, at which time Dr. Limbard recommended that Plaintiff undergo surgery to repair the injury to his back.

In February of 2011, Plaintiff was examined by Dr. Neblett of West Tennessee

---

[1] Dr. Limbard's report states: "I had last seen him in February and requested EMG. That was never done. I had also requested that his MRI be made available for review. That was never done. Suffice it to say this gentleman's symptoms have remained the same or gotten worse and we still do not know anything more about why he has them." Docket No. 184-3.

[2] Upon request from Plaintiff's father, Clinical Service at SCCC conducted an "indepth medical review" which revealed no documentation that Plaintiff ever received a recommended joint injection or the recommended EMG. The report of this review, dated August 25, 2010, also indicates that there was a seven-month delay in following the consults' recommendation for physical therapy services for Plaintiff. Docket No. 184-33.

Neurosciences. Dr. Neblett reviewed the previous MRIs and ordered a new MRI. Plaintiff had another MRI at the Hardin Medical Center on February 14, 2011.[3]

On May 10, 2011, Plaintiff was seen by Dr. Neimat at Vanderbilt University. Dr. Neimat did not have Plaintiff's MRIs. He set another appointment for Plaintiff to return with his MRIs and for a more thorough evaluation. Defendants claim that, prior to that second appointment, they provided Dr. Neimat a disc containing Plaintiff's recent MRIs. Plaintiff claims that the disc provided was not his but someone else's MRIs.

In any event, Plaintiff was seen in August of 2011 by Dr. Tracie Walker, a medical doctor providing services at SCCC. Dr. Walker contacted Dr. Neimat's office seeking another consultation for Plaintiff. Plaintiff was taken back to see Dr. Neimat on August 30, 2011. Dr. Neimat's recommendation at that time was that Plaintiff undergo surgery. Plaintiff claims that Dr. Neimat diagnosed the same injury revealed by the first MRI and recommended the exact surgical procedure recommended by Dr. Limbard a year earlier.

On October 10, 2011, Plaintiff underwent back surgery at Vanderbilt Hospital. Dr. Neimat reported that there were no complications with the surgery and Plaintiff tolerated the procedure well. Docket No. 184-24. Defendants state that Plaintiff was transferred from Vanderbilt to the Lois DeBerry Special Needs Facility for post-surgical recuperation and was returned to SCCC on October 28, 2011.

Plaintiff filed this action pursuant to 28 U.S.C. § 1983, alleging that Defendants violated his

---

[3] Plaintiff alleges that Defendants refused to transport him to his next appointment with Dr. Neblett. Defendants argue that Plaintiff's father had contacted West Tennessee Neurosciences, which might have resulted in a breach of prisoner transport security and, therefore, Defendants did not take Plaintiff to his second appointment with Dr. Neblett. The records indicate that the appointment was missed because of "paperwork not being completed at the facility."

3

constitutional rights, specifically his Eighth Amendment right to adequate medical care. Defendants have moved for summary judgment on all Plaintiff's claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

4

DISCUSSION

To prove a Section 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law. *Spurlock v. Whitley*, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997). For purposes of this Motion, the Court will assume that the Defendants were acting under color of state law.

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Claims of deliberate indifference to medical needs are difficult to prove. *Rhinehart v. Scutt*, 2013 WL 28095 at * 4 (6th Cir. Jan. 2, 2013).

A constitutional claim for denial of medical care has objective and subjective components. *Blackmore*, 390 F.3d at 895. First, the plaintiff must plead facts which, if true, establish the existence of a sufficiently serious medical need. Seriousness is measured objectively, in response to contemporary standards of decency. *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). Second, the plaintiff must demonstrate that the defendants acted with a sufficiently culpable state of mind in denying medical care. *Id*.

Only "deliberate indifference" to serious medical needs will implicate the protections of the Eighth Amendment. *Reilly*, 680 F.3d at 624. Deliberate indifference is characterized by obduracy or wantonness - it cannot be predicated on negligence, inadvertence or good faith error. *Id*. To state a cognizable claim, the plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs - indifference that offends the evolving standards

5

of decency under the Eighth Amendment. *Id.* Neither negligence alone nor a disagreement over the wisdom or correctness of a medical judgment is sufficient for the purposes of a deliberate indifference claim. *Rhinehard* at * 4 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff has represented that he has no quarrel with the physicians and medical personnel who treated him. His quarrel is with the prison officials who failed to follow through, took him to appointments without his medical records, failed to provide physical therapy in a timely manner, refused to schedule tests, and otherwise thwarted the goal of diagnosing and treating his back injury.

As the Magistrate Judge has already noted, Plaintiff's medical care certainly was not handled efficiently. The Defendants' behavior with regard to Plaintiff's medical care was careless and irresponsible, and the Court can sympathize with Plaintiff's frustrations. Nonetheless, Plaintiff clearly received an abundance of medical care in 2009, 2010 and 2011. He ultimately received the surgery he needed. Even though Defendants prevented Plaintiff from receiving the most expeditious and most efficient treatment for his injury, Plaintiff has not shown that Defendants acted with intent or a sufficiently culpable state of mind to constitute deliberate indifference for Eighth Amendment purposes.

## CONCLUSION

Accordingly, the Court finds that Defendants' Motion for Summary Judgment should be and is GRANTED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE